# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**JASON WARD**                                                                      **PLAINTIFF**

**v.**                                                        **CAUSE NO. 1:17CV331-LG-RHW**

**AETNA LIFE INSURANCE
COMPANY**                                                                           **DEFENDANT**

## ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL

**BEFORE THE COURT** is the [30] Motion for New Trial pursuant to Fed. R. Civ. P. 59(e) filed by the plaintiff, Jason Ward, in this ERISA case. The defendant, Aetna Life Insurance Company, filed a response in opposition to the Motion, but Ward did not file a reply. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion for New Trial should be denied.

## BACKGROUND

Aetna issued a group long-term disability insurance plan to eligible employees of Pacific Architects and Engineers Incorporated (hereafter "PAE") effective January 1, 2015. The plan required employees who did not enroll within thirty-one days of eligibility to submit evidence of good health satisfactory to Aetna at their own expense to obtain coverage. The plan granted Aetna discretion to determine whether an employee's claim for benefits should be granted, and Aetna was responsible for paying any valid claims. On December 15, 2014, PAE hired Ward, a renal cancer survivor, to work as an electrical engineer. Ward became

eligible for long-term disability coverage when he was hired, but he did not enroll in the long-term disability plan within thirty-one days of eligibility.

Ward attempted to enroll in the long-term disability plan for the plan period beginning January 1, 2016, but he did not attempt to provide evidence of good health. Soon afterwards, tests confirmed that Ward's cancer had spread to his lung. Ward sought long-term disability benefits, but Aetna denied Ward's claim because he did not submit an evidence of insurability form demonstrating good health when he enrolled in the long-term disability insurance plan. Ward appealed the denial of his claim, asserting that he was told in writing that he had coverage. He also noted that long-term disability insurance premiums had been deducted from his paychecks. Aetna denied Ward's appeal, and he filed this lawsuit asserting claims for equitable relief pursuant to 29 U.S.C. § 1132(a)(3) and long-term disability benefits pursuant to 29 U.S.C. § 1132(a)(1)(B). The parties filed cross-motions for summary judgment. The Court granted summary judgment in favor of Aetna. Ward now seeks reconsideration of that order pursuant to Fed. R. Civ. P. 59(e).

## DISCUSSION

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering a judgment under Rule 59(e): (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Alexander v. Wells Fargo Bank*, 867 F.3d 593, 597 (5th Cir. 2017). Rule 59(e) motions are "not

the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478. "Reconsideration of a judgment is an extraordinary remedy that should be used sparingly." *Id*.

Ward first reasserts his previous argument that the evidence of good health provision in the plan was ambiguous. However, Motions to Reconsider "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009). Furthermore, as the Court previously held, the plan clearly required applicants to provide evidence of good health to obtain coverage if they failed to enroll within thirty-one days of eligibility. Ward does not dispute that he did not make any attempt to provide evidence of good health. Thus, Ward has not demonstrated the need to correct a clear error of law or prevent manifest injustice on this basis.

Ward also repeats his argument that the denial of his claim was based on an "inexcusable procedural error" in that Ward's employer failed to provide him with an evidence of good health form when he applied for coverage. In addition, he claims that the Court failed to consider Aetna's conflict of interest.[1] As this Court previously noted, Aetna's decision was not procedurally unreasonable because it merely applied the undisputed facts to the clear plan language. In addition, it is not

---

[1] Contrary to Ward's assertions, the Court's discussion of Aetna's conflict of interest appears on pages six through seven of the Court's [28] Memorandum Opinion and Order.

necessary to discuss procedural unreasonableness and the effect of a conflict of interest where the insurer's plan interpretation was legally correct. *See Stone v. UNOCAL Termination Allowance Plan*, 570 F.3d 252, 257 (5th Cir. 2009). As a result, Ward's motion for new trial must be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [30] Motion for New Trial filed by the plaintiff, Jason Ward, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 11th day of March, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE